**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | | |
|---|---|---|
| RAVI DUTT, | ) | |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | No. 2:26-cv-02464-SHL-tmp |
| MELLISSA HARPER, Acting Director of the New Orleans ICE Enforcement and Removal Operations Field Office, | ) | |
|     Respondent. | ) | |

**ORDER DIRECTING RESPONDENT TO UPDATE POSITION**

On April 23, 2026, Petitioner Ravi Dutt filed the Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241.[1] (ECF No. 1.) Dutt challenges his ongoing immigration-related detention without a bond hearing at the West Tennessee Detention Facility as violative of his Fourth and Fifth Amendment rights. (Id. at PageID 5–9, 23.) He seeks immediate release, release pending a bond hearing, and an order enjoining Respondent from pursuing his detention under 8 U.S.C. § 1225. On April 29, Respondent timely responded in opposition to the Petition, arguing that Petitioner is rightfully detained without bond under 8 U.S.C. § 1225 and noting that the Sixth Circuit had not yet ruled on the issue of whether the detention of a noncitizen in Petitioner's position is governed by 8 U.S.C. § 1225 or § 1226. (ECF No. 11.)

On May 11, however, the Sixth Circuit issued the opinion in Lopez-Campos v. Raycraft, No. 25-1965, --- F.4th ---, 2026 WL 1283891 (6th Cir. 2026), affirming that a noncitizen who has spent "significant time . . . within the interior of the United States," and who has not

---

[1] The Petition has been referred to the undersigned pursuant to Administrative Order No. 2026-16.

committed an offense rendering them ineligible under § 1226(c), may not be detained without an individualized bond hearing.  Lopez-Campos, 2026 WL 1283891, at *13.

In light of the Sixth Circuit's holding in Lopez-Campos, Respondent is **ORDERED** to update the Court on her position within **two business days**.  If the basis of Petitioner's detention is 8 U.S.C. § 1225(b)(2)(A) and Respondent continues to oppose release, Respondent shall either distinguish this case from Lopez-Campos or state why Lopez-Campos otherwise does not apply. If no such showing is made, Respondent shall state whether she consents to the issuance of the writ.

**IT IS SO ORDERED,** this 18th day of May, 2026.

s/  Tu M. Pham
TU M. PHAM
CHIEF UNITED STATES MAGISTRATE JUDGE