**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | |
|---|---|
| RAVI DUTT,      ) <br>      Petitioner,      ) <br><br> v.      ) <br><br> MELLISSA B. HARPER, Acting Director of <br> the New Orleans ICE Enforcement and <br> Removal Operations Field Office, <br><br>      Respondent.      ) | No. 2:26-cv-02464-SHL-tmp |

**ORDER GRANTING PETITION**

Before the Court is Petitioner Ravi Dutt's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, filed April 23, 2026.  (ECF No. 1.)  Petitioner is a noncitizen who challenges his continued immigration-related detention in the West Tennessee Detention Facility as violative of his Fourth and Fifth Amendment rights.  (Id. at PageID 5–9, 23.)  Respondent responded in opposition on April 29.  (ECF No. 11.)  Petitioner replied the next day.  (ECF No. 12.)  On May 18, the Court directed Respondent to update her position in light of the Sixth Circuit's recent decision in Lopez-Campos v. Raycraft, --- F.4th ---, 2026 WL 1283891 (6th Cir. 2026).  (ECF No. 13.)  Respondent now concedes that the Sixth Circuit's holding in Lopez-Campos v. Raycraft, --- F.4th ---, 2026 WL 1283891 (6th Cir. May 11, 2026), "controls the outcome of this matter."  (ECF No. 14 at PageID 76.)

For the reasons stated below, the Petition is **GRANTED**.

**BACKGROUND**

Petitioner is citizen of India who entered the United States at the U.S.-Mexico order near Lukeville, Arizona on April 21, 2023.  (ECF Nos. 1 at PageID 1; 11 at PageID 50.)  Shortly

thereafter, immigration officials apprehended him, served him with a Notice to Appear, and released him on his own recognizance subject to certain conditions. (ECF No. 1 at PageID 1.) He has no criminal record and has followed all of the conditions of release. (Id.) But on December 3, 2025, Arkansas Highway Patrol officers apprehended Petitioner during a traffic stop in West Memphis, Arkansas. (ECF No. 11 at PageID 50.) Petitioner was merely a passenger in the vehicle. (ECF No. 1 at PageID 10.) After Immigration and Customs Enforcement ("ICE") officers were called to the scene, ICE arrested Petitioner and transported him to the West Tennessee Detention Facility. (Id.; ECF No. 11 at PageID 50.) He has been in Respondent's custody there since, and has not received a bond hearing.

Petitioner filed the Petition on April 23, 2026. (ECF No. 1.) Respondent filed an initial response on April 29, arguing that Petitioner was properly detained under 8 U.S.C. § 1225 and not entitled to a bond hearing. (ECF No. 11.) However, after the Court ordered Respondent to update her position in light of the Sixth Circuit's Lopez-Campos decision, (ECF No. 13), Respondent filed a Notice on May 20, conceding that Lopez-Campos governs this matter (ECF No. 14).

## ANALYSIS

Petitioner challenges his mandatory detention at the West Tennessee Detention Facility and seeks immediate release from Respondent's custody. (ECF No. 1 at PageID 6–14.) He argues that Respondent unlawfully purports to detain him under 8 U.S.C. § 1225, and that has been denied a bond hearing in violation of his due process right to such a hearing under 8 U.S.C. § 1226. (Id.)

Respondent concedes that the Sixth Circuit's holding in Lopez-Campos, 2026 WL 1283891, "controls the outcome of this matter." (ECF No. 14 at PageID 76.) That decision held

"that 8 U.S.C. § 1225(b)(2)(A)'s mandatory detention scheme does not apply to 'applicants for admission' who are not actively 'seeking admission.'"  (Id. (citing Lopez-Campos, 2026 WL 1283891, at *33).)

Nonetheless, Respondent maintains that "the Court should require Petitioner to exhaust his administrative remedies" before granting relief.  (Id. at PageID 77 n.1.)  However, as the Court has ruled in recent immigration habeas petitions, e.g., Lopez Soza v. U.S. Dep't of Homeland Sec., No. 26-CV-02224, 2026 WL 1104329, at *3 (W.D. Tenn. Apr. 23, 2026), Petitioner's failure to exhaust administrative remedies is **EXCUSED**.  The legal questions presented by the Petition are fit for prompt resolution, and exhaustion would be futile because Petitioner cannot seek meaningful and timely administrative relief.  McCarthy v. Madigan, 503 U.S. 140, 144 (1992) (explaining that where a statute is silent as to exhaustion, requiring exhaustion is within a court's discretion); Contreras-Lomeli v. Raycraft, No. 25-cv-12826, 2025 WL 2976739, at *3 (E.D. Mich. Oct. 21, 2025) ("Bond denial appeals 'typically take six months or more to be resolved at the BIA.'" (citation omitted)).

Respondent furthers contend that, "[i]n accordance with the remedy affirmed in Lopez-Campos, the Court should order that Petitioner be provided a custody redetermination hearing within 10 business days, and if that does not occur, Petitioner should be released from custody." (ECF No. 14 at PageID 77 (footnote omitted).)  However, Petitioner "rightfully state[s] that [he has] a liberty interest to be free from detention." Lopez-Campos, 2026 WL 1283891, at *13. ICE's decision to detain him without a bond hearing violated that liberty interest, which cannot be casually tossed aside.  Thus, he is entitled to immediate release.  See Villafranca Lara v. Ladwig, No. 26-CV-02079, 2026 WL 401204, at *10 (W.D. Tenn. Feb. 12, 2026) ("Because ICE purported to detain [Petitioner] under § 1225(b)(2)(A), which includes no provision for a bond

3

hearing, the Court will not now order a bond hearing under § 1226(a).").

Therefore, consistent with Lopez-Campos and this Court's decision in Villafranca Lara, 2026 WL 401204, and after consideration of the record, the Petition is **GRANTED**.

## **CONCLUSION**

For the reasons stated above, the Petition is **GRANTED**. Respondent is **ORDERED** to release Petitioner immediately. Respondent is **ENJOINED** from pursuing Petitioner's detention under 8 U.S.C. § 1225(b)(2)(A). Respondent is further **ORDERED** to file a Status Report with this Court within **two business days**, to certify compliance with this Order.

**IT IS SO ORDERED,** this 28th day of May, 2026.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE