**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | | |
|---|---|---|
| RAVI DUTT, | ) | |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | No. 2:26-cv-02464-SHL-tmp |
| MELLISSA B. HARPER, Acting Director of the New Orleans ICE Enforcement and Removal Operations Field Office, | ) | |
|     Respondent. | ) | |

**ORDER FOR RESPONDENT'S COUNSEL TO SHOW CAUSE**

On May 28, 2026, the Court granted Petitioner Ravi Dutt's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, based on his unlawful detention by Immigration and Customs Enforcement ("ICE") during which he was denied a bond determination. (ECF No. 15.) Respondent Mellissa Harper conceded that the Sixth Circuit's recent decision in Lopez-Campos v. Raycraft, --- F.4th ---, 2026 WL 1283891 (6th Cir. 2026) necessitated granting the writ. That prior order directed Respondent to immediately release Dutt and to file a status report within two business days to certify compliance. (ECF No. 15 at PageID 81.)

Now before the Court is Respondent's Status Report, filed a day late on June 2, 2026. (ECF No. 16.) In the Status Report, counsel states that Petitioner was timely released, but avers that the Status Report is late because he lost track of the deadline, checked his paper calendar on June 2, and realized that the deadline to file had passed. (Id. at PageID 82.) The Court acknowledges counsel's explanation for his untimeliness and accepts his apology.

Equally, if not, more troubling, however, is counsel's statement in the Status Report that "Petitioner Omar Serna Priego was released from the West Tennessee Detention Facility in

Mason, Tennessee on May 29, 2026." (Id.)  Because Serna Priego is not Petitioner Dutt, the Court is left completely in the dark as to whether Dutt was properly released from the West Tennessee Detention Facility in accordance with the order granting this petition.  Therefore, Respondent is **ORDERED TO SHOW CAUSE** within **two days** of this Order regarding whether Dutt was, in fact, promptly released.  Although the number of active immigration-related habeas petitions throughout the country is prodigious, there is no excuse for this mistake. Counsel for Respondent is cautioned to attend to this matter and similar ones with renewed care.

    **IT IS SO ORDERED,** this 3rd day of June, 2026.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE